IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelvin Sharod Addison, #309917, ) | C/A No.: 1:16-1137-HMH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Investigator Danny Catoe and South ) | |
| Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Kelvin Sharod Addison ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by Investigator Danny Catoe and the South Carolina Department of Corrections ("SCDC") (collectively "Defendants"). This matter comes before the court on Plaintiff's motion to appoint counsel [ECF No. 14], motion to compel [ECF No. 16], motion for a hearing [ECF No. 18], and Defendants' motion to amend their answer [ECF No. 17].

I.     Plaintiff's Motion to Appoint Counsel

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Rather, he simply states that he is a *pro se* prisoner with limited legal knowledge and access to legal resources. [ECF No. 14].

This is a typical complaint by prisoners seeking to pursue civil cases *pro se* in federal court, and after a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

II.     Plaintiff's Motion to Compel

In his motion to compel, Plaintiff seeks an order compelling Defendants to produce a copy of the SCDC "Investigations" policy. [ECF No. 14 at 2]. Plaintiff sought this policy in his requests for production and Defendants objected to producing it because it is a restricted policy, and its production would jeopardize the safety of the officers and staff at SCDC and would impede on their ability to maintain proper order within SCDC's institutions. [ECF No. 15 at 3]. Defendants argue in their response that the information within the investigations policy is classified, as it identifies the minutest specifics as to the investigative procedure, including investigative procedures and techniques. *Id*. at 4.

Plaintiff did not file a reply. Additionally, Plaintiff has not provided any reason why he needs the document. The requested document is not relevant to whether Defendants violated Plaintiff's constitutional rights. Assuming, *arguendo*, that

Defendants violated SCDC policy, Plaintiff must still show that Defendants violated his constitutional rights. *See United States v. Caceres,* 440 U.S. 741 (1978); *see also Johnson v. S.C. Dep't of Corrections*, No. 06–2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation.") (citing *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)). Because Plaintiff has not shown that he is entitled to the document, his motion to compel is denied.

III.     Plaintiff's Motion for a Hearing

In his motion for a hearing, Plaintiff requests a trial date. If this matter survives dispositive motions, which are due by November 28, 2016, a trial date will be scheduled. Plaintiff's motion is denied as premature at this time.

IV.     Defendants' Motion to Amend Answer

Defendants seek to amend their answer to include additional defenses, such as immunity. [ECF Nos. 17, 17-1]. Plaintiff argues Defendants' motion should be denied because it was not filed within 21 days after it was served. [ECF No. 19]. However, Fed. R. Civ. P. 15(a)(2) allows a party to amend a pleading with leave of court and further states "[t]he court should freely give leave when justice so requires." "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation

marks omitted). Defendants moved to amend within the deadline under the scheduling order and Plaintiff has not made a showing that the amendment would be prejudicial, was made in bad faith, or is futile. Therefore, Defendants' motion to amend is granted. The Clerk is directed to separately docket the amended answer.

    IT IS SO ORDERED.

*Shiva V. Hodges*

August 1, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge